TODD BLANCHE
Attorney General
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
MARK J. MCDONALD
Assistant United States Attorney
MARILYN E. GARTLEY
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Marilyn.Gartley@usdoj.gov
Mark.McDonald2@usdoj.gov
*Attorneys for the Federal Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Martha Lorentzen,<br><br>Plaintiff,<br><br>v.<br><br>Sean P. Duffy, Secretary, Department of Transportation, Federal Aviation Administration, a Federal Agency; and DOES, I through 100, inclusive,<br><br>Defendants. | Case No. 3:24-cv-00453-MMD-CLB<br><br>**Order Granting United States' Unopposed Motion for Leave to File an Untimely Answer, and Stipulation for Entry of Order Setting Modified Pleading/Briefing Schedule** |

The United States of America, on behalf of the above-captioned defendants ("Defendants"), respectfully moves the Court unopposed for leave to file an untimely Answer to the Complaint filed by Martha Lorenzten ("Plaintiff"). Dkt. No. 1. The parties also respectfully request that the Court enter the below stipulated order which excuses Defendants' answer and establishes a modified pleading/briefing schedule for Plaintiff's Complaint, Dkt. No. 1, and Defendant's Motion for Summary Judgment. Dkt. No. 43.

## I. Introduction

The undersigned was oblivious to Defendants' failure to answer until or about September 30, 2026, and immediately contacted counsel for Plaintiff to schedule a conversation. The parties met and conferred on October 2, 2026, and discussed the revelation and the overall direction of this case. Plaintiff agreed that default was likely not

appropriate because Defendants have actively participated in this case. For example, Defendants took the deposition of Plaintiff on July 20, 2026, complied with Plaintiff's request for production on August 20, 2026, producing volumes of responsive material, moved for summary judgment on September 23, 2026, and openly conferred with Plaintiff about their failure to answer and the potential for pretrial resolution on October 2, 2026. The undersigned prepared this motion and stipulation and received concurrence from Plaintiff's counsel on October 12, 2026.

## II. Argument

Rule 6(b)(1)(B) states that a court "may, for good cause, extend the time ... on a motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is an "elastic concept" that is determined by considering, among other things: "the danger of prejudice to the [party not under scrutiny], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). Rule 6 must be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010). At bottom, the excusable neglect inquiry is "an equitable one." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Here, although Defendants' delay to timely answer was admittedly within their control, their answer will have no impact on these proceedings other than by curing Defendants' procedural default. There is no danger of prejudice to Plaintiff because Defendants cannot assert new theories or affirmative defenses at this stage in the litigation, since discovery is closed and their dispositive motion is currently under consideration. Defendants seek leave only to plainly cure default, not to gain an improper advantage. Defendants also submit that Plaintiff's non-opposition to their motion for leave to file an untimely answer demonstrates that the undersigned has acted in good faith.

//

The Court similarly considered the equities in denying Defendants' motion to dismiss, which was based on a procedural defect. *See* Dkt. No. 33. In doing so, the Court implicitly signaled its preference to adjudicate this case on the merits. Defendants seek similar relief here – an opportunity to cure their procedural defect and resolve this case on the merits. Thus, the Court should enter the below stipulated order.

## III. Conclusion

Based on the foregoing, the Court should enter the below stipulated order which excuses Defendants' failure to answer and establishes a modified pleading/briefing schedule. The parties stipulate to the following schedule:

a. Defendants' Answer due October 21, 2026;

b. Plaintiff's Response to Defendant's Motion for Summary Judgment due October 21, 2026; and

c. Defendants' Reply due October 28, 2026.

Respectfully submitted this 13th day of October 2026.

AMENS LAW, Ltd.

*/s/ Debra M. Amens, Esq.*
DEBRA M. AMENS, ESQ.

*Attorney for Plaintiff*

TODD BLANCHE
Attorney General

*/s/ Mark J. McDonald*
MARK J. MCDONALD
Assistant U.S. Attorney

*Attorneys for Federal Defendants*

**IT IS SO ORDERED:**

**UNITED STATES DISTRICT JUDGE**

DATED: October 15, 2026